## Sklan, Appellant, v. Sklan.

Argued April 14, 1933.

Before TREXLER, P. J., KELLER, CUNNINGHAM, BALDRIGE, STADTFELD and JAMES, JJ.

*Edw. S. Sheinberg,* for appellant.

*Morris Feldstein,* for appellee.

OPINION BY CUNNINGHAM, J., October 2, 1933:

William J. Sklan has appealed from a decree of the court below dismissing his libel for a divorce from his wife, Ruth Sklan. The parties were married in the

City of New York on June 18, 1929; shortly thereafter they made their home in Pittsburgh, where libellant was engaged in business, and lived there until May 5, 1931, when libellant left the common domicile. They have one child—a daughter, born April 7, 1930. The grounds charged in the libel, filed July 22, 1931, were that by cruel and barbarous treatment respondent endangered the life of libellant, and offered such indignities to his person as to render his condition intolerable and life burdensome.

Among the charges contained in the bill of particulars were these: That respondent "became acquainted with a man named Caplan" and, against libellant's wishes, "went out" with him and informed libellant she was going to New York, her former home, with Caplan; that respondent, without libellant's consent, went to New York [but not with Caplan] for a visit of one week and stayed five; that she neglected her household duties and was discourteous to his customers; and that she cursed him and threatened to do him bodily injury and, upon one occasion, struck him across the mouth with a fork.

Respondent, in her answer, specifically denied every charge set forth in the libel and bill of particulars; neither party took a rule for a jury trial and the case came on for hearing before MACFARLANE, the learned president judge of the court below.

As required (Langeland v. Langeland, 108 Pa. Superior Ct. 375, 164 A. 816) in appeals of this character, we have read and considered all the testimony and the independent judgment at which we have arrived coincides with the conclusion reached by the able and experienced trial judge. We quote at length from his opinion:

"The Act of May 2, 1929, P. L. 1237, Section 10, has changed the former provisions of the statutes and the distinction, noted by RICE, P. J., in Fay v. Fay, 27

Pa. Superior Ct. 328, that in the case where the wife was the libellant the provision was that the cruel and barbarous treatment endangered her life, and in the case where the husband was the libellant that the cruel and barbarous treatment rendered his condition intolerable or life burdensome. Under the Act of 1929 it is necessary that this libellant show that the respondent was guilty of cruel and barbarous treatment, endangering his life. As was said in the Fay case, the distinction is substantial. The cruel and barbarous treatment need not be such as to actually cause injury, endangering the life, but may be shown by conduct and threats, creating a reasonable apprehension. Conduct and threats which may not amount to treatment endangering the life are properly considered in connection with other conduct on the charge of indignities to the person. The general character of such indignities is set forth in May v. May, 62 Pa. 206. Another principle is that the conduct of the husband must not be the cause of the misconduct complained of.

"Some of the charges in the bill of particulars were not supported by libellant's testimony, or were overcome by the testimony of respondent's witnesses, e. g., the charge about Caplan, the complaint about the sister's presence during their honeymoon and the respondent's visit to New York. The reason for the journey was that she was pregnant and suffering from hay fever, and while there she was under the charge of a physician and a nurse, the husband wrote affectionate letters to her and advised her to remain.

"It is true that libellant made most of the purchases of groceries, etc., and that he did come home and attend to the furnace, and did assist in household work, but the charges of neglect of housekeeping duties are not only not substantiated but were met by credible testimony of witnesses that the home was well kept.

"The libellant is a peddler and he sold, among other things, women's coats and dresses. He had no business place other than his house, but, in addition to soliciting, he made sales to regular customers who telephoned for him to call. On several occasions respondent answered abruptly and asked the woman at the other end of the line what she wanted with her husband, and some of them became irritated and complained to him. None of this amounted to a charge of impropriety with her husband. The incident testified to by the two women that she said something about 'does she want me to put her to bed with my husband' cannot be taken seriously.

"Respondent was extremely nervous before and after the birth of their child, and during their quite frequent quarrels she some times used violent language. She objected to his kissing the baby and told him he was filthy, and on one occasion she called him a cur, and said she did not want to live with him and she said this to others. One of the causes of quarrels was his disappointment in not receiving $5,000 expected from her parents. She received $1,000 from an uncle and this she gave to her husband.

"He was not only jealous without cause but was very nervous and practically neurotic. His fear that she would kill him by poison, or with a knife, or with a gun was without real foundation and her threats made at the time of voluble excitement were not serious for at other times there was nothing unusual in their relations.

"Taking the whole case together, I am satisfied that there was not such a course of conduct as justifies a decree. This was my opinion after hearing the evidence, and a careful reading when it was transcribed and at this time confirm that opinion. Much of the bill of particulars was not proved and the rest does not make out the clear case necessary for a decree."

The foregoing expresses clearly and succinctly our own views of the merits of this case, and we, accordingly, dismiss the assignment of error.

Decree affirmed at costs of appellant.